LAURA E DUFFY
United States Attorney
CAROLINE P. HAN
Assistant U.S. Attorney
California Bar No.: 250301
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6968
Fax: (619) 546-0831
Email: caroline.han@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>ABDIAZIZ HUSSEIN,<br>      Defendant. | Case No.: 13CR1514-JM<br><br>**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR NOTICE PURSUANT TO 50 U.S.C. §§ 1806(c), 1881e(a)** |

COMES NOW the UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, Caroline P. Han, Assistant United States Attorney, and respectfully submits the following Response and Opposition to Defendant's Motion for Notice Pursuant to 50 U.S.C. §§ 1806(c), 1881e(a).

//

//

The defendant has moved the Court to compel the United States to inform the defendant whether the electronic surveillance the United States intends to use against the defendant was "(1)...conducted pursuant to the pre-2008 provisions of FISA or, instead the FAA; and (2) whether any FISA order was granted in reliance on information obtained or derived from an FAA surveillance order." The basis for his motion appears to be speculation resulting from filings in both related and unrelated cases. [Def. Mtn. 9-10.] For the reasons set forth below, the United States has provided the defendant with proper notice and the defendant's motion should be denied.[1]

When the government "intends to enter into evidence or otherwise use or disclose" any "information obtained or derived from" electronic surveillance or physical search conducted pursuant to the Foreign Intelligence Surveillance Act (FISA) against an aggrieved person[2] in a

---

[1] The defendant has made a number of assertions in support of his motion; without addressing the accuracy or merits of all of these individually, the United States submits that the motion can be resolved – and denied – on the grounds set forth herein.
[2] An "aggrieved person" is the target of the electronic surveillance or "any other person whose communications or activities were

criminal case (as well as in other proceedings), it must provide notice to that individual. 50 U.S.C. §§ 1806(c); 1825(d); 1881e.

The government's notice obligations regarding its use of FISA information under §§ 1806, 1825, and 1881e apply only if the government(1) "intends to enter into evidence or otherwise use or disclose" (2) "against an aggrieved person" (3) in a "trial, hearing or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States" (4) any "information obtained or derived from" (5) an "electronic surveillance [or physical search] of that aggrieved person." 50 U.S.C. § 1806(c); see 50 U.S.C. § 1825(d). Where all five criteria are met, the government will notify the defense and the Court (or other authority) in which the information is to be disclosed or used that the United States intends to use or disclose such information.

---

subject to electronic surveillance." 50 U.S.C. §1801 (k). A person is also aggrieved if his or her "premises, property, information, or material is the target of physical search" or subject to physical search." 50 U.S.C. § 1821(2).

As required by 50 U.S.C. §§ 1806(c), the United States has notified the defense and this Court that it intends to use against the defendant in this case evidence obtained or derived from electronic surveillance under Title I of FISA, 50 U.S.C. §§ 1801-1812.[3] The United States would likewise provide notice to the defense and this Court if the United States intended to use in this case any information obtained or derived from surveillance authorized under Title VII of FISA (the FISA Amendments Act or FAA) (i.e., a Section 702 Order), 50 U.S.C. § 1881a *et seq.*, as to which the defendant is an aggrieved person. No such notice has been provided. Nor should such notice be provided in this case because the United States does not intend to use any such evidence obtained or derived from FAA-authorized surveillance in the course of this prosecution.

To the extent defendant seeks to know what information may or may not have been presented to the Foreign Intelligence Surveillance Court (FISC) to obtain

---

[3] The FISA Notice apprised the defendant that the United States intended to use evidence obtained or derived from electronic surveillance and physical search against the defendant; however, to clarify, the United States does not intend to use evidence obtained or derived from physical search against the defendant.

4

FISA warrants and orders, section 1806(c)'s notice requirement does not entitle him to that information. Rather, section 1806(f) of FISA provides the only process by which a defendant may seek to discover applications, orders, and other related materials provided to the FISC.[4] Section 1806(f) also provides for an *ex parte*, *in camera* review by the Court of the classified materials submitted by the government in response to a defendant's motion to disclose FISA materials, to determine if such disclosures are necessary.[5]

//

---

[4] See 50 U.S.C. § 1806(f) (describing the process that is followed when an aggrieved person files a motion "to discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance under the Act").

[5] Section 1806(f) permits the Court to order disclosure of FISA materials to the defendant only if the Court determines, after considering the government's classified filing *ex parte* and *in camera*, that doing so is "necessary to make an accurate determination of the legality of the surveillance." Section 1806(g) permits the Court to order disclosure of any FISA materials as required by due process. Those (and their parallel provisions for physical searches) are the only statutory bases on which the Court may order disclosure of FISA materials, and they do not come into play until after the defendant files the appropriate motion and the Court considers the government's classified response and attachments. Upon such review, no court has ever required the government to disclose the information that was presented to the FISC to obtain a FISA warrant or order. In re Grand Jury Proceedings of the Special Apr. 2002 Grand Jury, 347 F.3d 197, 203 (7th Cir. 2003) (noting no court has ever ordered disclosure of FISA materials).

## CONCLUSION

For the reasons stated above, the Court should deny the defendant's motion.

DATED: October 11, 2013       Respectfully submitted,

                              LAURA E. DUFFY
                              United States Attorney


                              /s/Caroline P. Han
                              CAROLINE P. HAN
                              Assistant U.S. Attorney