UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ABDIAZIZ HUSSEIN,<br><br>          Defendant. | Case No.: 13CR1514-JM<br><br>UNCLASSIFIED ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED PURSUANT TO THE FISA WIRETAP |

**ORDER**

THIS MATTER is before the Court on Defendant's *Motion to Suppress Evidence Obtained Pursuant to the FISA Wiretap*. For the reasons set forth below, it is **ORDERED** that the Defendant's motion is **DENIED**.

Background

On April 23, 2013, a federal grand jury sitting in this district returned a four count indictment charging Abdiaziz Hussein with one count of conspiracy to structure financial transactions, in violation of 18 U.S.C. § 371, and three counts of structuring

financial transactions for the purpose of evading recordkeeping requirements, in violation of 31 U.S.C. § 5324(a)(3) (Docket No. 1).

On June 10, 2013, the Government provided Defendant with notice pursuant to 50 U.S.C. § 1806(c) and 1825(d) that the United States "intend[ed] to offer into evidence, or otherwise use or disclose in any proceedings in this case information obtained or derived from electronic surveillance or physical searches conducted pursuant to the Foreign Intelligence Surveillance Act of 1978 (FISA), as amended, 50 U.S.C. § 1801 1811 and 1821-1829." (Docket No. 9). On September 19, 2013, Defendant moved to compel the Government to disclose, inter alia, whether any of the electronic surveillance it intended to use at trial was obtained or derived from surveillance authorized pursuant to Title VII of FISA ("the FISA Amendments Act" or "FAA"), 50 U.S.C. §1881a et seq. (Docket No. 26)("Motion for Notice Pursuant to 50 U.S.C. §1881e(a)"). On October 11, 2013, Defendant was informed that the Government intends to offer into evidence or otherwise use or disclose information obtained or derived only from electronic surveillance pursuant to FISA. (Docket No. 30). On November 23, 2013, the Court denied Defendant's Motion for Notice Pursuant to 50 U.S.C. §1881e(a).

Thereafter, on December 5, 2013, this matter came before the Court on Defendant's *Motion to Suppress Evidence Obtained Pursuant to the FISA Wiretap*. Defendant's motion seeks: (1) the "disclosure

2

of the underlying applications for FISA warrants;" (2) the suppression of "all interceptions made and electronic surveillance conducted pursuant to [FISA];" and (3) "an evidentiary hearing on the issues because the FISA surveillance was obtained and conducted in violation of FISA and the First and Fourth Amendments to the U.S. Constitution." (Docket No. 37). Although Defendant's motion presents several arguments to support his contention that FISA-acquired evidence in this case be suppressed, he presents two primary arguments: (1) that access to FISA-related materials is necessary to litigate suppression issues and is required in order to conform with due process of law; and (2) that FISA-derived evidence should be suppressed.

In response to Defendant's motion, on February 7, 2014, the Government filed: its Classified *Memorandum in Opposition to Defendant's Motion to Suppress Evidence Obtained Pursuant to the FISA Wiretap*; and a classified appendix, which includes the applications, orders, and other materials relating to the electronic surveillance (hereinafter, "FISA materials"), and other classified submissions. (Docket No. 42). The Government also filed an Unclassified version of its *Memorandum in Opposition to Defendant's Motion to Suppress Evidence Obtained Pursuant to the FISA Wiretap*. (Docket No. 45).

### Findings

To begin the FISA process, an application approved by the Attorney General containing information that FISA requires is filed

3

*ex parte* and under seal with the Foreign Intelligence Surveillance Court ("FISC") (50 U.S.C. § 1804(a)). FISA requires that the FISC make specific findings before entering an ex parte order, (50 U.S.C. § 1805(a)), which specifically identifies the targeted facilities and directs how the surveillance is to be conducted. (50 U.S.C. § 1805(c)(1)-(2)). The Court has reviewed the Defendant's motion and the Government's response and the classified appendix, including the FISA materials. After a thorough *in camera, ex parte* review and based on its analysis of all the materials submitted to the Court, the Court finds that:

(1) Defendant Hussein has standing to bring this Motion to Suppress as an aggrieved person, (50 U.S.C. § 1801(k));

(2) The President has authorized the United States Attorney General to approve applications for electronic surveillance for foreign intelligence information and purposes;

(3) Each application was made by a federal officer and approved by the Attorney General, (50 U.S.C. § 1805(a)(1));

(4) Each application contained facts establishing probable cause to believe that the target of the electronic surveillance was at the time an agent of a foreign power, (50 U.S.C. §§ 1801(b)(2), 1805(a)(2)(A));

(5) No United States person was determined to be an agent of a foreign power solely upon the basis of First Amendment protected activities (50 U.S.C. § 1805(a)(2)(A));

4

(6) Each application contained facts establishing probable cause to believe that each of the facilities or places at which the electronic surveillance was directed being used, or was about to be used, by a foreign power or an agent of a foreign power, (50 U.S.C. § 1805(a)(2)(B));

(7) The minimization procedures incorporated into the application and orders met the requirements of 50 U.S.C. § 1801(h), (50 U.S.C. § 1805(a)(3)), and the Government implemented such minimization procedures accordingly;

(8) Each application contained all the statements and certifications required by 50 U.S.C. § 1804, (50 U.S.C. § 1805(a)(4));

(9) No certification in an application for a target who was at the time a United States person was clearly erroneous on the basis of the statement made pursuant to 50 U.S.C. § 1804(a)(6)(E) or any other information furnished under 50 U.S.C. § 1804(c), (50 U.S.C. § 1805(a)(4));

(10) A "significant purpose" of the Government's collection pursuant to FISA was to collect foreign intelligence information, (50 U.S.C. § 1804(a)(6)(B)), and the "significant purpose" standard is constitutional under the Fourth Amendment. *See United States v. Duka*, 671 F.3d 329, 343-345 (3d Cir. 2011).

(11) Each order issued by the FISC satisfied the requirements of 50 U.S.C. § 1805(c);

(12) Each order issued by the FISC satisfied the requirements of 50 U.S.C. § 1805(d);

(13) Defendant made no preliminary showing of a knowing or intentionally false statement (or one made with reckless disregard for the truth) in the FISA applications that would entitle him to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Moreover, there is no indication of any such false statements in the FISA applications; thus, a Franks hearing is not warranted in this matter;

(14) Disclosure to the defense of the FISA materials is not required pursuant to Section 1806(f) because the Court was able to make an accurate determination of the legality of the electronic surveillance without disclosing the FISA materials or any portions thereof;

(15) Due process does not otherwise require disclosure of the FISA materials and the Government's submissions; and

(16) Because the Government does not intend to introduce or otherwise use or disclose evidence obtained or derived from FAA surveillance, (50 U.S.C. § 1881(a)), against the defendant in this case, the defendant's motion to disclose the FISA materials and suppress evidence on FAA-related grounds is moot.

## Discussion

Hussein seeks materials that were presented to the FISC, including the resulting FISC orders, which provided the legal basis for the electronic surveillance from which some of the evidence

that will be used against him was acquired. By requesting the "disclosure of the underlying applications for FISA warrants," which calls for the disclosure of the FISA materials, Hussein is seeking discovery of material that FISA specifically protects from such disclosure, except as provided in 50 U.S.C. § 1806(f) and (g) (*i.e.*, if disclosure is necessary for the Court to make a determination of the legality of the surveillance, or if due process requires discovery and disclosure).

The Attorney General filed a declaration in this case stating that disclosure of the FISA materials or an adversary hearing would harm the national security of the United States. (Docket No. 42, Sealed Exhibit 1). Therefore, as mandated by FISA, this Court conducted an *in camera, ex parte* review of-the FISA materials to determine whether the information was lawfully acquired and whether the electronic surveillance was conducted in conformity with an order of authorization or approval (*i.e.*, lawfully conducted). This *in camera, ex parte* review process under FISA satisfies due process under the United States Constitution. See, e.g., *United States v. El-Mezain*, 664 F.3d 467, 567 (5th Cir. 2011); *United States v. Abu-Jihaad*, 630 F.3d 102, 117 (2d Cir. 2010); *United States v. Damrah*, 412 F.3d 618, 624 (6th Cir. 2005); *United States v. Butenko*, 494 F.2d 593, 607 (3d Cir. 1974); *United States v. Warsame*, 547 F. Supp. 2d 982, 988-89 (D. Minn. 2008); United States v. Spanjol, 720 F. Supp. 55, 58-59 (E.D. Pa 1989). In conducting that review, the Court may disclose the FISA materials "only where

such disclosure is necessary to make an accurate determination of the legality of the surveillance [or search]." 50 U.S.C. § 1806(f).

After conducting its own review of the FISA materials, the Court finds that it does not require the assistance of the defense to make an accurate determination of the legality of the electronic surveillance. Thus, there is no basis for disclosure of any of the FISA materials to Hussein. *See United States v. Duggan*, 743 F.2d 59, 78 (2d Cir. 1984) (holding that disclosure should occur only if the court determines such disclosure is necessary to make an accurate determination of the legality of the surveillance).

As a result of the Court's thorough *in camera, ex parte* examination of the Government's classified memorandum, the FISA materials and other materials contained in the Government's classified appendix, the Court finds it has all the information needed to address Defendant's motion to suppress. The Court finds that the Government satisfied FISA's requirements to obtain orders for electronic surveillance; that the information obtained pursuant to FISA was lawfully acquired; and that the electronic surveillance was conducted in conformity with an order of authorization or approval.

Additionally, there is no basis for disclosure of the FISA materials pursuant to 50 U.S.C. § 1806(g). Such disclosure is only permitted if this Court's *ex parte, in camera* review disclosed that due process requires discovery or disclosure. The Court finds that due process does not require disclosure of the FISA materials or

8

other materials in the Government's classified appendix to the defendant.

Although federal courts are not in agreement as to whether the FISC's probable cause determinations regarding material presented in the FISA applications should be reviewed *de novo* or accorded due deference, the materials under review here pass muster under either standard. As all other courts before it have found and uniformly held, the Court finds that the probable cause requirement of FISA comports with the requirements of the Fourth Amendment to the United States Constitution. See, e.g., *El-Mezain*, 664 F.3d at 568-70; *Abu-Jihaad*, 630 F.3d at 117-119; *United States v. Isa*, 923 F.2d 1300, 1304 (8th Cir. 1991).

Furthermore, certifications submitted in support of a FISA application should be "subjected only to minimal scrutiny by the courts," *United States v. Badia*, 827 F.2d 1458, 1463 (11th Cir. 1987), and are "presumed valid." *Duggan*, 743 F.2d at 77 & n.6 (citing *Franks*, 438 U.S. at 171); *United States v. Campa*, 529 F.3d 980, 993 (11th Cir. 2008); *United States v. Sherifi*, 793 F. Supp. 2d 751, 760 (E.D. N.C. 2011) ("a presumption of validity [is] accorded to the certifications"); *United States v. Nicholson*, No. 09-CR-40 BR, 2010 WL 1641167, at *5 (D. Or. Apr. 21, 2010)(quoting *United States v. Rosen*, 447 F. Supp. 2d 538, 545 (E.D. Va. 2006)); *Warsame*, 547 F. Supp. 2d at 990 ("a presumption of validity [is] accorded to the certifications"). If the target is a United States person, then the district court should also ensure that each

certification is not "clearly erroneous." *Campa*, 529 F.3d at 994; *Duggan*, 743 F.2d at 77; *United States v. Kashmiri*, 2010 WL 4705159, at *2 (N.D. Ill., Nov. 10, 2010). A certification is clearly erroneous only when "the reviewing court on the [basis of the] entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005); *United States v. Islamic American Relief Agency* ("IARA"), No. 07 00087-CR-W-NKL, 2009 WL 5169536, at *4 (W.D. Mo. Dec. 21, 2009). Applying these standards, this Court finds that the certifications were made in accordance with FISA's requirements.

The Defendant also seeks an adversarial hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). A defendant is entitled to such a hearing only where he has made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included" in the FISA materials and that the allegedly false statement was necessary to the FISC's approval of the application. *Id.* at 155-56. The Defendant has made no such substantial preliminary showing here, and therefore, Defendant is not entitled to a *Franks* hearing. The Court is aware that Defendant has been unable to review the FISA materials. Therefore, the Court has made an independent review of all the materials and has determined that there is no indication of any false statements having been included in the FISA materials.

## Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that the Defendant's motion is DENIED; and

IT IS FURTHER ORDERED that the Government's Classified Memorandum and classified appendix, including the FISA materials, are SEALED and shall be retained in accordance with established security procedures by the Classified Information Security Officer or his/her designee.

IT IS SO ORDERED.

DATED: April 29, 2014

Hon. Jeffrey T. Miller
United States District Judge

11